GWIN, District Judge, joined by COLE, Circuit Judge,
concurring.
While I join in the disposition of this case, I write separately to emphasize that I do so based on Logan’s failure to comply with the officers’ directives.
I do not believe that Logan’s “shuffle step” contributed to reasonable suspicion. Indeed, I am not even sure what this term means. The “Texas Shuffle Step,” sometimes referred to as the “Texas Two Step,” is a dance that “may be danced to any four-count music and may be danced in forward line of dance direction, sideward, *506 or in place.”[1] I doubt, however, that Logan was attempting dance steps.
I also do not agree with the majority’s repeated references to “tactical advantages.” Surely it would be a tactical advantage for police to execute all searches in the middle of the night without a warrant and without knocking. The Constitution, however, forbids such practices.
More importantly, video evidence reveals that when the officers came upon Logan, they ordered him back into the car at least six times. Logan did not get back in the car, and thus failed to submit to the officers’ show of authority. Such a failure to submit supports reasonable suspicion. For this reason, I join in the disposition of this case.
I am nonetheless troubled by the overall events in this case. The police erroneously believed that Logan was trespassing. They converged on his car, foreclosing his escape. They ordered him back into the car. When Logan did not comply, they ordered him to come in their direction. He did. By not initially submitting, Logan’s acts gave rise to reasonable suspicion, and, in turn, a lawful search. Perhaps the only way that Logan could have avoided being subject to a lawful search was to submit to an unlawful one. While I believe that this is the correct result in this case, it shows how cramped the freedoms afforded by the Fourth Amendment may become when officers make reasonable mistakes.

. Betty Casey, Dance Across Texas, 106 (1985).